IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEITH DARNELL BROWN,

                Plaintiff,

                                              CIVIL ACTION
     vs.                                      No. 08-3031-SAC

WADE SCHMIERER, et al.,

                Defendants.

ORDER

Plaintiff, a prisoner confined in the Leavenworth County jail in Leavenworth, Kansas, proceeds pro se on civil complaint filed under 42 U.S.C. § 1983.

*Motion for Leave to Proceed In Forma Pauperis*

Plaintiff has paid the $7.50 initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis in this matter. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through automatic payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1] Plaintiff is further advised that the $7.50 partial filing fee assessed under 28 U.S.C. § 1915(b)(1) is a one time assessment, and

---

[1] 28 U.S.C. § 1915(b)(2) reads:
"After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

does not repeat monthly as plaintiff suggests in recent correspondence.  Instead, all future payments from plaintiff's institutional account toward the remainder of the $350.00 district court filing fee in this matter are to be calculated and paid as directed in 28 U.S.C. § 1915(b)(2).

*28 U.S.C. § 1915A Screening of the Complaint*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff advances allegations that his medical needs, including type-2 diabetes and high blood pressure, are not being adequately or properly addressed which has caused him discomfort for a thirty day period in November and December 2007. He also alleges the conditions of his confinement in the medical wing wrongfully subjects him to isolated conditions similar to administrative segregation.[2]  Plaintiff voices concern about future

---

[2]More specifically, plaintiff complains his diabetic meals are not prepared by a certified dietician, he is not provided an adequate opportunity to exercise, his medications are not provided in a timely manner, and no sugar substitute is provided with his meals.

Plaintiff also complains that medications are not dispensed by licensed staff who can detect error and explain any changes, which caused him to refuse medication. Plaintiff cites an incident of high blood pressure and chest pains on December 5, 2007, that caused him great anxiety.  He also cites elevated blood pressure readings on December 15, 2007, which were addressed by a doctor's order by phone to provide additional or missing medication, and by the placement of plaintiff in a medical hold cell for overnight observation.

Plaintiff further claims no C-PAP machine is provided for his

damage to his health, and seeks damages for health issues that may develop.  He also seeks specific injunctive relief, namely a C-PAP machine, proper diabetic meals, sweet hot and cold cereals comparable to those served to other prisoners, specific privileges in the medical pod, adequate time and space for exercise, and transfer to another facility if he is unable to receive proper treatment at the Leavenworth jail.

*A. 42 U.S.C. § 1983 Requirements*

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "'Deliberate indifference' involves both an objective and subjective component." Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000).  The objective component requires that the medical need be "sufficiently serious," meaning "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Id. (*quoting* Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)).  The subjective component requires the plaintiff to

---

sleep apnea, but acknowledges he has been told he can arrange for one to be brought in to the jail.  He also generally complains of being too isolated in the medical pod where he asked to be placed.

show that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

It is well established, however, that disagreements with the treatment provided by prison medical staff, or the inadvertent or negligent failure to provide medical care, are insufficient to show the deliberate indifference required for an Eighth Amendment violation. See Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 811 (10th Cir. 1999); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Having carefully reviewed plaintiff's allegations as liberally construed and as true, the court finds no basis for finding any defendant has been deliberately indifferent to any present and obvious serious medical need. Plaintiff's bare claims of inadequate and negligent care, and his speculative concerns over future harm, fail to state any actionable claim of constitutional deprivation. Moreover, plaintiff's admitted refusal of medication and failure to pursue available options for obtaining medical equipment do not support any finding of deliberate indifference by jail staff. The court thus finds the complaint is subject to being summarily dismissed because no cognizable constitutional claim is presented for seeking relief under 42 U.S.C. § 1983.

   *B. Individual Defendants*

Even if a claim of constitutional deprivation could be established, the court finds the complaint is subject to being

summarily dismissed because plaintiff alleges no personal participation by any defendant in any violation of his constitutional rights.

The defendants named in the complaint are Wade Schmierer (identified as the Administrator of the Leavenworth County Jail), Stephanie Craven (identified as an LPN at the Leavenworth County Jail, and associated with Health Professionals LTD), the Leavenworth County Sheriff, and Health Professional LTD and Cornell Inc. (presumably entities providing health care services at the Leavenworth County Jail). Assuming plaintiff could establish that each defendant acted under color of state law,[3] to seek relief under 42 U.S.C. § 1983 plaintiff must also demonstrate each defendant's personal involvement in the alleged violation of his constitutional rights. *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation."); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)("personal participation is an essential allegation in a section 1983 claim"). Plaintiff's allegations clearly fail to so.

Plaintiff alleges no personal involvement by the Leavenworth County Sheriff, Health Profession LTD, or Cornell, Inc., and plaintiff may not rely on the doctrine of respondeat superior to

---

[3]To state a claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, *and must show that the alleged deprivation was committed by a person acting under color of state law*. *See* West v. Atkins, 487 U.S. 42 (1988) (private physician employed by prison acts under color of state law).

hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976). Although plaintiff specifically identifies defendants Schmierer and Craven as responding to his administrative grievances, it appears plaintiff obtained the answers or the relief sought in those requests.

*Notice and Show Cause Order to Plaintiff*

For these reasons, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that the remainder of the $350.00 district court filing fee is to be collected from plaintiff's inmate account as authorized by 28 U.S.C.

---

[4]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

§ 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is to granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 28th day of April 2008 at Topeka, Kansas.


   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge