IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEITH DARNELL BROWN,**

              **Plaintiff,**

              CIVIL ACTION
      **vs.**                         No. 08-3031-SAC

**WADE SCHMIERER, et al.,**

              **Defendants.**

<u>ORDER</u>

    Plaintiff, a prisoner confined in the Leavenworth County jail in Leavenworth, Kansas, proceeds pro se and in forma pauperis on civil complaint filed under 42 U.S.C. § 1983. The court reviewed the complaint and directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. Having examined plaintiff's response, the court dismisses the complaint.

    The defendants named in the complaint are Wade Schmierer (identified as the Administrator of the Leavenworth County Jail), Stephanie Craven (identified as an LPN at the Leavenworth County Jail, and associated with Health Professionals LTD), the Leavenworth County Sheriff, and Health Professional LTD and Cornell Inc. (presumably entities providing health care services at the Leavenworth County Jail).

    In this action, plaintiff alleges his medical needs, including type-2 diabetes and high blood pressure, are not being adequately or properly addressed which caused him discomfort for a thirty day period in 2007. He also alleges the conditions of his confinement

in the medical wing wrongfully subjects him to isolated conditions similar to administrative segregation.[1] Voicing concern about future damage to his health, plaintiff seeks damages for health issues that may develop from the alleged inadequate medical care., and seeks specific injunctive relief.[2]

The court found plaintiff's allegations, even when liberally construed and considered as true, presented no factual basis for plausibly finding any defendant had been deliberately indifferent to a present and obvious serious medical need. Plaintiff's bare claims of inadequate and negligent care, and his speculative concerns over

---

[1]More specifically, plaintiff complained his diabetic meals were not prepared by a certified dietician, he was not provided an adequate opportunity to exercise, his medications were not provided in a timely manner, and no sugar substitute was provided with his meals.
    Plaintiff also complained that medications were not dispensed by licensed staff who can detect error and explain any changes, which caused him to refuse medication. Plaintiff cited an incident of high blood pressure and chest pains on December 5, 2007, that caused him great anxiety. He also cited elevated blood pressure readings on December 15, 2007, which were addressed by a doctor's phone order to provide additional or missing medication, and by the placement of plaintiff in a medical hold cell for overnight observation.
    Plaintiff further claimed no C-PAP machine was provided for his sleep apnea, but acknowledged he was told he could arrange for one to be brought in to the jail. He also generally complained of being too isolated in the medical pod where he asked to be placed.

[2]Plaintiff also seeks injunctive relief, namely a C-PAP machine, proper diabetic meals, sweet hot and cold cereals comparable to those served to other prisoners, specific privileges in the medical pod, adequate time and space for exercise, and transfer to another facility if he is unable to receive proper treatment at the Leavenworth jail. Plaintiff's prayer for this relief was rendered moot by his subsequent transfer from the Leavenworth jail into the custody of the Kansas Department of Corrections at a state correctional facility. See Martin v. Sargent, 780 F.2d 1334 (8th Cir.1985)(claim for injunctive relief moot if no longer subject to conditions).

future harm, failed to state any actionable claim of constitutional deprivation, and plaintiff's admitted refusal of medication and failure to pursue available options for obtaining medical equipment did not support a finding of deliberate indifference by jail staff.

The court next found that even if a claim of constitutional significance could be established, the complaint was subject to being summarily dismissed because plaintiff alleged no personal participation by any defendant in alleged violation of plaintiff's constitutional rights.

In response, plaintiff does little to address the need to establish each defendant's personal participation in the alleged misconduct.

Instead, plaintiff reiterates that he did not receive medical treatment to adequately reduce blood sugar levels which could cause significant bodily harm if unaddressed over time, and that he refused medication dispensed by staff having no medical training. Plaintiff further argues a C-Pap machine should be provided like other medications. This response, however, is insufficient to demonstrate that plaintiff's allegations reflect anything more than his disagreement with the medical care provided at the jail, and fail to provide a factual basis for establishing a plausible actionable constitutional claim for the purpose of proceeding under § 1983.

The court thus concludes the complaint should be dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that the complaint is dismissed as

stating no claim upon which relief can be granted under § 1983 against any defendant.

**IT IS SO ORDERED.**

DATED:  This 12th day of January 2011 at Topeka, Kansas.

                                  s/ Sam A. Crow
                                 SAM A. CROW
                                 U.S. Senior District Judge